UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**MADIE RUTH JACKSON**                                                                   **PLAINTIFF**

v.                                                                   CIVIL CASE 1:16-cv-379-HSO-JCG

**BARACK OBAMA** *United States*,
**PRINCE WILLIAM WALES**,
**FAINT ROBERT WALKER** *Judge,*
**JULIE THEATER**,
**BEVERLY STRICKLAND**,
**HIGHLAND HOSPITAL DOCTORS**,
**JAY Z**,
**BEYONCE KNOWLES**,
**WLOX**,
**TONYA WYDER**,
**OPRAH WINFREY**,
**NESCATERICA BATES**,
**PRINCE HARRY WALES**,
**KATE MIDDLETON**,
**FELICIA DUNN BURKES**,
**MICHELLE OBAMA**,
**RONYELLE RHODES, and**
**WANDA SMITH**,                                                                   **DEFENDANTS**

**REPORT AND RECOMMENDATION**

This matter is before the Court *sua sponte* for screening purposes pursuant to 28 U.S.C. § 1915(e)(2), and under the Court's duty to determine whether it has subject matter jurisdiction over Plaintiff's claims. Having reviewed Plaintiff Madie Ruth Jackson's Complaint (ECF No. 1), Amended Complaint (ECF No. 3), and Response to the Court's Order requiring briefing on subject matter jurisdiction (ECF No. 5), the undersigned recommends dismissal on grounds that the Court lacks subject matter jurisdiction. Plaintiff's suit may also be dismissed under 28

U.S.C. § 1915(e)(2)(B)(i) because the claims are premised on clearly baseless factual contentions that are "fanciful," "fantastic," and "delusional." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

## BACKGROUND

Plaintiff filed this *pro se* action against eighteen defendants, including high-ranking government officials and celebrities. Plaintiff maintains that she is being recorded, spoken to, harassed, and tortured by former President Barack Obama and Prince William of Wales, with similar allegations against former First Lady Michelle Obama, Prince Charles of Wales, Catherine Duchess of Cambridge, Prince Harry of Wales, Oprah Winfrey, Beyonce Knowles, and Jay-Z, as well as local residents, including television newscasters, judges, mental health providers, and Plaintiff's former landlord. (ECF Nos. 1, 3, and 5). Plaintiff submits that she has, in the past, been committed to a mental hospital because she believed that Barack Obama was speaking to her. (ECF No. 3, at 7, 16). Plaintiff claims to have visions and describes altars, witchcraft, sex, rape, HIV, beheadings, and the "666 mark of the beast." Plaintiff repeatedly references incarnations, "being paid not to think," and "a crystal clear and a sluice." Plaintiff seeks one hundred million dollars in damages.

After reviewing Plaintiff's Complaint (ECF No. 1) and Amended Complaint (ECF No. 3), the undersigned ordered Plaintiff to demonstrate the manner in which this Court could properly exercise federal subject matter jurisdiction, given that diversity of citizenship is not applicable and no discernable federal claim was

apparent on the face of Plaintiff's Complaint and Amended Complaint. (ECF No. 4). Plaintiff filed a Response (ECF No. 5) to the Court's Order, making further factual allegations but not addressing the Court's jurisdiction except to state that she is "suing the Feds." (ECF No. 5, at 4). The Response references "federal watchman," "federal extensions," a "federal camera," and a "federal film water arc." *Id.* at 2-3.

## ANALYSIS

A.  <u>Subject Matter Jurisdiction</u>

The Court has a duty to examine subject matter jurisdiction and is required to dismiss any action over which it lacks jurisdiction. *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee,* 456 U.S. 694, 702 (1982); *Warren v. United States,* 874 F.2d 280, 281-82 (5th Cir. 1989); Fed. R. Civ. P. 12(h)(3). Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over those matters specifically designated by the Constitution or Congress. *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994); *Halmekangas v. State Farm Fire and Cas. Co.,* 603 F.3d 290, 292 (5th Cir. 2010). Courts "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.,* 243 F.3d 912, 916 (5th Cir. 2001). Plaintiff, as the party who filed this action, bears the burden of establishing jurisdiction. *Kokkonen,* 511 U.S. at 377.

28 U.S.C. § 1332(a)(1) provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of

different States . . . ." 28 U.S.C. § 1332(a)(1). Diversity of citizenship jurisdiction under 28 U.S.C. § 1332 is not applicable given that some Defendants are Mississippi residents.

28 U.S.C. § 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. §1331. Federal question jurisdiction under 28 U.S.C. § 1331 has not been demonstrated. No federal claim appears on the face of the Complaint, Amended Complaint, or Response. *See Budget v. Prepay, Inc. v. AT&T Corp.,* 605 F.3d 273, 278 (5th Cir. 2010). The undersigned simply cannot determine any facts that Plaintiff is trying to communicate that might support a federal claim. It must be presumed that this suit lies outside the Court's jurisdiction. The Court has no authority to adjudicate claims in the absence of constitutional or statutory authorization, and this case should be dismissed for lack of subject matter jurisdiction.

B.   Factual Frivolousness

Plaintiff is proceeding *in forma pauperis. The* federal *in forma pauperis* statute, codified at 28 U.S.C. § 1915, allows an indigent litigant to commence a civil action in federal court without paying the administrative costs of proceeding with the lawsuit. *Denton v. Hernandez,* 504 U.S. 25, 27 (1992). "The statute protects against abuses of this privilege by allowing a district court to dismiss the case 'if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious.'" *Id.* (citing § 1915). "Congress recognized that 'a litigant whose filing fees

and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id.* at 31 (citing *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)).

The *in forma pauperis* statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke,* 490 U.S. at 327. The Court is not bound to accept without question the truth of the plaintiff's allegations. *Denton,* 504 U.S. at 32.

> [A] court may dismiss a claim as factually frivolous only if the facts alleged are "clearly baseless," a category encompassing allegations that are "fanciful," "fantastic," and "delusional." As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them. An *in forma pauperis* complaint may not be dismissed, however, simply because the court finds the plaintiff's allegations unlikely.

*Id.* at 32-33 (citations omitted).

The United States Supreme Court in *Denton v. Hernandez* acknowledged that district courts are "all too familiar" with factually frivolous claims and that the "clearly baseless" guidepost for determining factual frivolousness is a discretionary one. *Id.* at 33. Dismissals on grounds of frivolousness may be "made *sua sponte* prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke,* 490 U.S. at 324.

Having examined and construed liberally the allegations in Plaintiff's Complaint (ECF No. 1), Amended Complaint (ECF No. 3), and Response to the Court's Order requiring briefing on subject matter jurisdiction (ECF No. 5), the undersigned determines that, viewed as a whole, the factual contentions are clearly baseless. *Denton,* 504 U.S. at 32-33. Plaintiff's allegations rely on a host of factual scenarios that "rise to the level of the irrational or the wholly incredible." *Id.* at 33. These types of fanciful, fantastic, and delusional allegations are precisely the type that § 1915(e) is designed to address. *See, e.g., Hines v. United States,* 166 F. App'x 610, 611 (3d Cir. 2006) (dismissing appeal from order dismissing complaint pursuant to § 1915(e)(2)(B)(i) where plaintiff alleged the federal government tortured him with poisonous gas for 12 years whenever he tried to study toward his career goals); *Wesson v. Oglesby,* 910 F.2d 278, 281 (5th Cir. 1990) ("An IFP complaint that . . . postulates facts of an entirely fanciful nature is prime candidate for dismissal under § 1915[e] [formerly (d)]"; *Toole v. Obama,* No. 1:12-cv-363-KS-MTP, 2013 WL 636809, *3-4 (S.D. Miss. Feb. 20, 2013) (dismissing as fantastic and delusional plaintiff's claims against President Barack Obama and Justices John G. Roberts and John Paul Stevens); *Czmus v. Meehan,* 08-1675, 2008 WL 4361046, at *2 (E.D. Pa. Sept. 24, 2008) (dismissing as frivolous allegations of a "far reaching and elaborate conspiracy" by the Department of Homeland Security and a number of insurance companies); *Trobovic v. Perry,* No. 05-5200, 2007 WL 708880, *3 (D.N.J. Mar. 5, 2007) (dismissing as delusional Plaintiff's allegations regarding a sweeping conspiracy against him by General Services Administration employees

and an organization involving bulldogs). Plaintiff's suit may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(i) because the allegations are factually frivolous.

## RECOMMENDATION

The undersigned recommends that Plaintiff's suit be dismissed for lack of subject matter jurisdiction. Plaintiff's suit may also be dismissed under 28 U.S.C. § 1915(e)(2)(B)(i) because the allegations are factually frivolous.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Local Uniform Civil Rule 72(a)(3),

> After service of a copy of the magistrate judge's report and recommendations, each party has fourteen days to serve and file written objections to the report and recommendations. A party must file objections with the clerk of court and serve them upon the other parties and submit them to the assigned district judge. Within seven days of service of the objection, the opposing party or parties must either serve and file a response or notify the district judge that they do not intend to respond to the objection.

L.U.Civ.R. 72(a)(3); *see* 28 U.S.C. § 636(b)(1).

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. The District Judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen (14) days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object. *Douglass v. United*

*Servs. Automobile Assoc.,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

**SIGNED,** this the 9th day of February, 2017.

*s/ John C. Gargiulo*
JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE