IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| MADIE RUTH JACKSON | § | PLAINTIFF |
| | § | |
| v. | § | CIVIL NO.: 1:16cv379-HSO-JCG |
| | § | |
| BARACK OBAMA United States, | § | |
| PRINCE WILLIAM WALES, | § | |
| FAINT ROBERT WALKER Judge, | § | |
| JULIE THEATER, | § | |
| BEVERLY STRICKLAND, | § | |
| HIGHLAND HOSPITAL DOCTORS, | § | |
| JAY Z, | § | |
| BEYONCE KNOWLES, | § | |
| WLOX, | § | |
| TONYA WYDER, | § | |
| OPRAH WINFREY, | § | |
| NESCATERICA BATES, | § | |
| PRINCE HARRY WALES, | § | |
| KATE MIDDLETON, | § | |
| FELICIA DUNN BURKES, | § | |
| MICHELLE OBAMA, | § | |
| RONYELLE RHODES, and | § | |
| WANDA SMITH. | § | DEFENDANTS |

**ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION [8], OVERRULING PLAINTIFF'S OBJECTION [9]
AND DISMISSING PLAINTIFF'S CLAIMS WITHOUT PREJUDICE**

BEFORE THE COURT is the Report and Recommendation [8] of United

States Magistrate Judge John C. Gargiulo, entered in this case on February 9, 2017,

recommending that this civil action be dismissed.   R. & R. [8] at 1.   After

consideration of the Report and Recommendation [8], the Objection filed by Plaintiff

Madie Ruth Jackson ("Plaintiff"), the record, and relevant legal authority, the Court

finds that Plaintiff's Objection [9] should be overruled, the Report and

Recommendation [8] should be adopted as the finding of this Court, and Plaintiff's

claims should be dismissed without prejudice.

## I.   FACTS AND PROCEDURAL HISTORY

Plaintiff, who is pro se, filed a Complaint [1] in this Court on October 17, 2016, against President Barack Obama, Beverly Strickland, Julie Theater, Prince William Wales, and Judge Faint Robert Walker seeking $100 million in damages and relief from the federal government.   Compl. [1] at 1.   On November 7, 2016, Plaintiff filed a document purporting to be "Attachments," which the Court construed as an Amended Complaint [3].   This document appears to name additional Defendants: Beyonce Knowles, Jay Z, Highland Hospital Doctors, Tonya Wyder, Oprah Winfrey, Prince Charles of Wales, Prince Henry of Wales, Princess Kate Middleton, Felicia Dunn Burkes, Michelle Obama, Nescaterica Banks, Ronyell Rhodes, Wanda Smith, and television station WLOX.   Am. Compl. [3] at 6. Plaintiff claims that Defendants are harassing her in various ways, including recording her, torturing her, paying her not to think, and threatening her.   *See* Compl. [1] at 2-7.   The following unedited excerpt of Plaintiff's claims against Michelle Obama is illustrative of her other allegations:

> Michelle Obama pays me not to think. torture me for twenty years for crystal clear and sluices seat position line upon percept Arc of the knives and a sword from the Bible she has a hold on my right knee, leg.

Am. Compl. [3] at 15.

On November 9, 2016, the Magistrate Judge directed Plaintiff to file a brief demonstrating that the Court could properly exercise federal subject matter

jurisdiction over this case.   Order [4] at 3.    The Court warned Plaintiff that this case would be dismissed if she did not file the required brief by November 30, 2016. *Id.* at 5.   Plaintiff timely filed a Response [5] to the Magistrate Judge's Order [4] which is peppered with the word "federal" and, although the context is unclear, suggests that the United States government is involved in Defendants' alleged scheme.   *See* Resp. [5] at 1 ("This action starts with Barack Obama and a watchman and a Federal microphone"); at 2 ("Federal watchman enables Prince William to tortures [sic] me"); at 4 ("I believe this is an altar that needs to be examined by Federal government and courts.").

On February 8, 2017, the Magistrate Judge entered an Order [7] granting Plaintiff's Motion [2] to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. The Magistrate Judge then entered a Report and Recommendation [8] on February 9, 2017, that this case be dismissed without prejudice for lack of subject matter jurisdiction.   The Magistrate Judge found that diversity jurisdiction under 28 U.S.C. § 1332 was lacking because Plaintiff is a Mississippi citizen and at least one of the Defendants is also a Mississippi resident.   R. & R. [8] at 4.

The Magistrate Judge found that federal question jurisdiction under 28 U.S.C. § 1331 did not exist because no federal claim appears on the face of Plaintiff's pleadings.   *Id.*   The Magistrate Judge concluded that the case was also subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) because Plaintiff's allegations were factually frivolous.   *Id.* at 7.   On February 16, 2017, Plaintiff filed an

3

Objection [9] to the Report and Recommendation [8].

## I.   ANALYSIS

A.   Legal Standard

Where an objection is made to a magistrate's report and recommendation, the Court is required to "make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).   To the extent that a plaintiff does not object to portions of a magistrate judge's report and recommendation, the Court need not conduct a *de novo* review of it.   28 U.S.C. § 636(b)(1).   In such cases, a court need only review the proposed findings of fact and recommendation and determine whether they are either clearly erroneous or contrary to law.   *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

The Court is unable to determine what portions of the Report and Recommendation [8] Plaintiff objects to other than that she appears to wish that her lawsuit be allowed to proceed.[1]   Erring on the side of caution and assuming Plaintiff objects to all of the Magistrate Judge's findings of fact and recommendation, the Court has conducted a *de novo* review of the record and the Report and Recommendation [8].   Based on the record before this Court, and having conducted the required review, the Court is of the opinion that the

---

[1]  The Court is unable to determine what Plaintiff is attempting to communicate in the two-page filing that is styled as an Objection [9], which begins with the following sentence: "The statements the President makes about Incarnation, comes from a sluice and a clear."   Obj. [9] at 1.   The remainder of the Objection [9] is as inscrutable as its opening.

Magistrate Judge properly recommended that Plaintiff's claims be dismissed.   The
Court further finds that, for the reasons stated herein, the Report and
Recommendation [8] of United States Magistrate Judge John C. Gargiulo entered
on February 9, 2017, should be adopted as the finding of this Court, along with the
additional findings made herein, and Plaintiff's Objection [9] should be overruled.

B.   Federal Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction, having subject matter
jurisdiction only over those matters specifically designated by the Constitution or
Congress.   *Epps v. Bexar-Medina-Atascosa Cos. Water Improvement Distr. No. 1,*
665 F.2d 594, 595 (5th Cir. 1982)).   Courts "must presume that a suit lies
outside this limited jurisdiction, and the burden of establishing federal jurisdiction
rests on the party seeking the federal forum."   *Howery v. Allstate Ins. Co.,* 243 F.3d
912, 916 (5th Cir. 2001).   The Court has "a continuing duty to inquire into the basis
of jurisdiction," and to dismiss any action over which it lacks jurisdiction.   *Warren
v. United States*, 874 F.2d 280, 281-82 (5th Cir. 1989); FED. R. CIV. P. 12(h)(3).

28 U.S.C. § 1332 provides that district courts have original jurisdiction over
actions between citizens of different states in which the amount in controversy
exceeds $75,000.00.   The Complaint [1] alleges that Plaintiff is a citizen of
Mississippi.   Compl. [1] at 1.   The Magistrate Judge concluded that § 1332 is
inapplicable because at least some of the Defendants are also citizens of Mississippi.
R. & R. [8] at 4.   Although the Court is not fully apprised of the citizenship of each

5

potential Defendant, more than one appears to be a Mississippi citizen.[2]

Accordingly, the Court concludes that Plaintiff has not sustained her burden of

showing that there is complete diversity of citizenship, and the Court may not

exercise subject matter jurisdiction under § 1332.

28 U.S.C. §1331 provides that district courts have original jurisdiction in "all

civil actions arising under the Constitution, laws, or treaties of the United States."

28 U.S.C. §1331.   "In order for a case to come within the ambit of federal question

jurisdiction, the federal issue must appear on the face of the complaint and must

involve a claim founded directly on federal law."   *Epps,* 665 F.2d at 595 (citations

omitted).

Here, the Court notes that Plaintiff wrote that she is suing "Barack Obama,

United States," *see* Compl. [1] at 1, and also states in her brief regarding federal

jurisdiction that she is "suing the feds," Resp. [5] at 4.   Construing these references

liberally, they could be read to indicate that Plaintiff intended to file suit against

the United States government, which has the potential to create federal question

jurisdiction pursuant to 28 U.S.C. § 1331.   *See Osborn v. Haley,* 549 U.S. 225, 230

(2007); *see also* Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346, 2671, *et seq.*

(waiving federal sovereign immunity for injury, property loss, or death caused by a

federal government employee "while acting within the scope of his office or

---

[2] For example, the Court can and does take judicial notice that Defendants Walker and
Burkes have both served as municipal judges in Mississippi.

employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred").

However, the United States Supreme Court "has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit, wholly insubstantial, obviously frivolous, plainly unsubstantial, or no longer open to discussion."  *Hagans v. Lavine*, 415 U.S. 528, 536 (1974) (internal quotations and citations omitted).   Plaintiff's claims against former President Barack Obama, for example, include the following representative excerpt:

> The President is using a recorder on [Plaintiff] and earshots on [Plaintiff] . . . He has [P]rince William harassing [Plaintiff] for crystal clear boxes for his diadem.  He took [Plaintiff's] mind and started recordering [sic] . . . He has microphones on [Plaintiff's] skull with different government officials making short statements to [Plaintiff] he says for [Plaintiff] wanting to become an Rn.

Compl. [1] at 3.

The Court finds that these allegations are "so insubstantial, implausible, foreclosed by prior decisions of this Court or otherwise completely devoid of merit as not to involve a federal controversy within the jurisdiction of the District Court." *Oneida Indian Nation of N. Y. State v. Oneida Cty., N.Y.*, 414 U.S. 661, 667 (1974). The Court is not persuaded that Plaintiff has established federal question jurisdiction, and Plaintiff's claims should be dismissed without prejudice.

C.    Factually Frivolous Claims

Even if the Court did possess subject matter jurisdiction under 28 U.S.C. §
1331, Plaintiff's claims should be dismissed as factually frivolous pursuant to 28
U.S.C. § 1915, the federal statute governing *in forma pauperis* proceedings.   The
statute provides that "the court shall dismiss the case at any time if the court
determines that . . . [the action] is frivolous or malicious."   28 U.S.C. §
1915(e)(2)(B)(i).

§ 1915 thus affords the Court "not only the authority to dismiss a claim based
on an indisputably meritless legal theory, but also the unusual power to pierce the
veil of the complaint's factual allegations and dismiss those claims whose factual
contentions are clearly baseless."   *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).
"Examples of the latter class are claims describing fantastic or delusional scenarios,
claims with which federal district judges are all too familiar."   *Id.* at 328.
Dismissals on grounds of frivolousness may be "made *sua sponte* prior to the
issuance of process, so as to spare prospective defendants the inconvenience and
expense of answering such complaints."   *Id.* at 324.

The Court has reviewed and construed liberally the allegations set forth in
Plaintiff's Complaint [1], Amended Complaint [3], and Response [5] to the Court's
order requiring briefing on jurisdiction, and agrees with the Magistrate Judge's
conclusion that Plaintiff's "factual contentions are clearly baseless."   R. & R. [8] at
6.   Plaintiff's arguments in her Objection [9] do not change this result.   The Court

finds that dismissal of Plaintiff's claims is warranted under § 1915 because they "rise to the level of the irrational or the wholly incredible."   *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

## II.   CONCLUSION

Pursuant to 28 U.S.C. § 636(b)(1), the Court has conducted an independent *de novo* review of the record because Plaintiff filed a written Objection [9].   For the reasons set forth above, the Court concludes that Plaintiff's Objection [9] should be overruled.   To the extent Plaintiff did not object to portions of the Magistrate Judge's Report and Recommendation [8], the Court finds that those portions are neither clearly erroneous nor contrary to law.   *Wilson*, 864 F.2d at 1221.   The Court further concludes that the Magistrate Judge's Report and Recommendation [8] should be adopted as the finding of the Court, along with the additional findings made herein.   Plaintiff's claims should be dismissed without prejudice.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Report and Recommendation [8] of United States Magistrate Judge John C. Gargiulo entered in this case on February 9, 2017, along with the additional findings made herein, is adopted in its entirety as the finding of this Court.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, this civil action is **DISMISSED WITHOUT PREJUDICE**.   A separate judgment will be entered in accordance with this Order as required by Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 22nd day of March, 2017.

*s/ Halil Suleyman Ozerden*

HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE